1  Bingham McCutchen LLP
   BRUCE A. FRIEDMAN (SBN 65852)
2  HEATHER A. KABELE (SBN 205450)
   The Water Garden
3  Fourth Floor, North Tower
   1620 26th Street
4  Santa Monica, CA  90404-4060
   Telephone:  310.907.1000
5  Facsimile:  310.907.2000
   Email:  bruce.friedman@bingham.com
6           heather.kabele@bingham.com

7  Attorneys for Defendant
   SAXON MORTGAGE SERVICES, INC.
8

9                 UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISION

12

13  JO ANN ZEPHYR, on behalf of herself     Case No.
    and all others similarly situated,
14                                          NOTICE OF REMOVAL OF ACTION
                                            PURSUANT TO 28 U.S.C. § 1441(a)
15            Plaintiff,                    (DIVERSITY)

16        v.

17  SAXON MORTGAGE SERVICES
    INC., a Texas Corporation and DOES 1
18  through 10 inclusive,                   Complaint filed:  07/5/11

19            Defendants.

20

21         PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(a),

22  Defendant Saxon Mortgage Services, Inc. ("Saxon") hereby removes the above-

23  captioned action (the "Action") from the Superior Court of California, County of

24  Sacramento, to the United States District Court for the Eastern District of

25  California, Sacramento Division.[1]  This Court has original jurisdiction over the

26  _____

27  [1] Saxon appears for the purpose of removal only and for no other purpose, and does
    not waive, and expressly preserves, all rights, claims and defenses of any nature
28                                            (Footnote Continued on Next Page.)

A/74481326.1/0010276-0000355765              1

Action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d)(2).  As grounds for removal, Saxon states as follows:

## SUMMARY

1.    This Court has original jurisdiction over the Action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  As an alternative basis for removal, this Court has original jurisdiction over this Action because "the matter or sum in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).  The Action is removable to this Court by Defendant Saxon pursuant to 28 U.S.C. § 1441(a) because Saxon is not a citizen of the same state as Plaintiff Jo Ann Zephyr ("Plaintiff" or "Zephyr"), and the amount in controversy requirement has been met.

## PROCEDURAL HISTORY AND BACKGROUND

2.    On July 5, 2011, Plaintiff filed a complaint (the "Complaint") captioned <u>Jo Ann Zephyr, on behalf of herself and all others similarly situated v. Saxon Mortgage Services Inc., et al.</u>, Case No. 34-2011-00107273, in the Superior Court of California, County of Sacramento.

3.    On July 26, 2011, Plaintiff effected service of the Complaint on Defendant Saxon.  Saxon's counsel signed a Notice and Acknowledgment of Receipt on July 26, 2011, on Saxon's behalf.

4.    In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon Defendant Saxon are attached hereto as Exhibit

_____

(Footnote Continued from Previous Page.)

whatsoever, including, without limitation, all defenses relating to service of process, jurisdiction, venue and arbitrability.

A.

5.     In the Complaint, Plaintiff Zephyr, on behalf of herself and a putative class comprised of "[a]ll persons who received telephone calls from Defendants while located in California," brings claims against Defendant Saxon and 10 unidentified "Doe" defendants for alleged violations of California Penal Code sections 632 and 632.7. (Compl. ¶¶ 5, 31-41.) Plaintiff alleges on information and belief that Saxon intentionally recorded 30-40 outbound telephone communications with Zephyr, without obtaining Zephyr's consent, and that Defendant Saxon routinely records outbound telephone calls with customers and potential customers in California without their consent. (*Id.* ¶¶ 14-18.) On behalf of the putative class, which Plaintiff alleges is believed to have members numbering "at least in the tens of thousands," Plaintiff seeks statutory damages of $5,000 for each such violation by Defendant Saxon of the Penal Code (i.e., each telephone call recorded without the consent of all parties), as well as injunctive relief and attorneys' fees. (*Id.* ¶¶ 26, 35, 40, Prayer for Relief.)

6.     Defendant Saxon's time to respond to the Summons and Complaint by answer, demurrer, or motion has not expired and Defendant Saxon has not served or filed an answer or motion or otherwise appeared in response to the Complaint.

7.     Because Defendant Saxon filed this Notice of Removal within thirty days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION**

**I.     The Parties' Citizenship**

8.     Complete diversity exists in this Action, both at the time of this Notice of Removal and at the time the action was commenced in state court.

9.     Plaintiff Zephyr is currently, and was at the time of filing the Complaint, a citizen and resident of Sacramento County in the State of California.

A/74481326.1/0010276-0000355765                         3

(Compl. ¶ 6.)  In a standard class action matter, only the citizenship of the representative plaintiff is considered for diversity purposes.[2]  *See Snyder v. Harris,* 394 U.S. 332, 339-40, 89 S. Ct. 1053, 1058-59, 22 L.Ed.2d 319 (1969).

10.    A corporation shall be deemed to be a citizen of any state by which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant Saxon is a Texas corporation, with its headquarters and principal place of business in Fort Worth, Texas.  (Compl. ¶ 7.) The citizenship of the Doe defendants is disregarded for removal purposes.  28 U.S.C. § 1441(a).  Therefore, there is complete diversity of citizenship.

## II.    The Amount in Controversy

11.    The amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff alleges that Saxon violated Penal Code sections 632 and 632.7 on 30-40 occasions as to her alone, and further alleges that Saxon violated Penal Code sections 632 and 632.7 in additional telephone calls that Saxon placed with purported "tens of thousands" of putative class members. (Compl. ¶¶ 14-18, 26.)  Plaintiff seeks to recover, on behalf of the putative class, $5,000 for each violation experienced by putative class members, as well as injunctive relief and attorneys' fees.  (Compl. ¶¶ 35, 40, Prayer for Relief.)

12.    The amount in controversy as to Plaintiff Zephyr, under Plaintiff's theory of recovery, is at least $150,000 (at least 30 alleged violations of the Penal Code multiplied by $5,000 per alleged violation).  Even if other putative class members were deemed to have claims that did not meet the $75,000 amount in controversy threshold, the Court can and should exercise supplemental

---

[2] For class actions filed on behalf of at least 100 putative class members seeking at least $5,000,000 in the aggregate, exclusive of interest and costs, diversity of citizenship between any class member (not just the representative plaintiff) and any defendant suffices to establish the original jurisdiction of the Court. 28 U.S.C. § 1332(d)(2).

1  jurisdiction over those claims at this time, as they are alleged to be "so related to

2  [Plaintiff Zephyr's] claims in the action . . . [as to] form part of the same case or

3  controversy under Article III of the United States Constitution." 28 U.S.C. §

4  1367(a).

5         13.    In addition, the amount in controversy as to the aggregate

6  claims of the putative class exceeds $5,000,000, exclusive of interest and costs.  If

7  Saxon committed one alleged violation of the Penal Code as to each of the

8  purported "tens of thousands" of putative class members (and Plaintiff Zephyr

9  alleges 30-40 violations as to her alone), then the amount in controversy would be

10  at least $50,000,000 (at least 10,000 alleged violations of the Penal Code

11  multiplied by $5,000 per alleged violation).  This provides an alternative basis for

12  establishment of the Court's original jurisdiction over this matter.  28 U.S.C. §

13  1332(d)(2).

14                      **OTHER PROCEDURAL REQUIREMENTS**

15         14.    Promptly upon the filing of this Notice of Removal, a true copy

16  of this Notice of Removal will be provided to all adverse parties pursuant to 28

17  U.S.C. § 1446(d).  Pursuant to Fed. R. Civ. P. 5(d), Saxon will file with this Court

18  a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

19         15.    Saxon will promptly cause to be filed with the clerk of the

20  Superior Court of California, County of Sacramento, a Notification of Filing of

21  Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

22

23

24

25

26

27

28

1    WHEREFORE, Defendant Saxon respectfully requests that the Action

2  be removed to this Court.

3  Dated this 23rd day of August 2011.

4

5                              Respectfully submitted,

6                              BINGHAM McCUTCHEN LLP

7

8                              By:  /s/Heather A. Kabele
                                    Bruce A. Friedman
9                                   Heather A. Kabele

10                             Attorneys for Defendant
                               SAXON MORTGAGE SERVICES, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>SAXON MORTGAGE SERVICES INC., a Texas Corporation and<br>DOES 1through 10 inclusive;<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JO ANN ZEPHYER, on behalf of herself and all others similarly<br>situated; | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sacramento Superior Court<br><br>720 9th Street<br>Sacramento, CA 95814 | **CASE NUMBER:**<br>*(Número del Caso):*<br>34-2011-02107273 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard L. Kellner, 644 South Figueroa St., Los Angeles, CA 90017 Tel. 213 217-5000

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 7/5/11 | Clerk, by<br>*(Secretario)* B Singh | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

FILED
Superior Court Of California,
Sacramento

07/05/2011

bsingh

By_____ , Deputy

Case Number:

**34-2011-00107273**

1  BRIAN S. KABATECK, SBN 15
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN
   (rlk@kbklawyers.com)
3  JOSHUA H. HAFFNER, SBN
   (jhh@kbklawyers.com)
4  LINA B. MELIDONIAN, SBN 24
   (ez@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, California 90017
   Telephone: (213) 217-5000
   Facsimile: (213) 217-5010

7

8  RICHARD B. WENTZ, SBN 120380
   (rick.wentz@gmail.com)
9  JEAN M. WENTZ, SBN 139340
   (jean.wentz@gmail.com)
10 THE WENTZ LAW FIRM
   2955 East Hillcrest Drive, Suite 123
11 Thousand Oaks, CA 91362
   Telephone: (805) 374-0060
   Facsimile: (888) 855-8124

12

13 ANDREW N. FRIEDMAN
   (afriedman@cohenmilstein.com)
14 DOUGLAS J. MCNAMARA
   (dmcnamara@cohenmilstein.com)
15 STEFANIE M. RAMIREZ
   (sramirez@cohenmilstein.com)
16 COHEN MILSTEIN SELLERS & TOLL PLLC
   1100 New York Avenue, NW, Suite 500
17 Washington, DC 20005

Department
Assignments

Case Management 39
Law and Motion 54
Minors Compromise 22

18 Attorneys for Plaintiff, on behalf of
   herself and all others similarly situated

19

20            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

21                         COUNTY OF SACRAMENTO

22 | JO ANN ZEPHYR, on behalf of herself and all others similarly situated; | CASE NO. |
23 | | |
   | Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
24 | vs. | |
25 | SAXON MORTGAGE SERVICES INC., a Texas Corporaton and DOES 1 through 10 inclusive; | 1. **VIOLATION OF PENAL CODE § 632; AND** |
26 | | 2. **VIOLATION OF PENAL CODE § 632.7** |
27 | Defendants. | **JURY TRIAL DEMANDED** |

28

1

COMPLAINT

1    Plaintiff Jo Ann Zephyr, individually and on behalf of the proposed Class described

2  below, by her attorneys, make the following allegations based upon information and belief,

3  except as to allegations specifically pertaining to Plaintiff and her counsel, which are based

4  on personal knowledge:

5                                **NATURE OF ACTION**

6        1.      This is a class action by Plaintiff Jo Ann Zephyr ("Plaintiff"), on behalf of

7  herself and all others similarly situated, against Defendant Saxon Mortgage Services Inc.

8  and Does 1 through 10 ("Defendant" or "Defendants") arising out of Defendants' policy

9  and practice of secretly recording telephone calls with persons located in California without

10  their consent.

11       2.      Defendants' policy and practice of surreptitiously recording telephone calls

12  violates California Penal Code Sections 632 ("Section 632") and 632.7 (Section 632.7").

13       3.      Section 632 prohibits the recording of confidential communications made by

14  telephone without the consent of all parties to the communication.  Section 632.7 prohibits

15  the recording of any communication without the consent of all parties where one of the

16  parties to the communication is using a cellular or cordless telephone.  ·

17       4.      Plaintiff brings this action seeking statutory damages pursuant to California

18  Penal Code Section 637.2 ("Section 637.2").

19       5.      Plaintiff brings this class action against Defendants on behalf of herself as

20  well as on behalf of the members of the following class ("Class"):

21            *All persons who received telephone calls from Defendants*

22            *while located in California.*

23                                 **THE PARTIES**

24       6.      Plaintiff Jo Ann Zephyr is an individual who, during all relevant times,

25  resided in Sacramento County, State of California.

26       7.      Defendant Saxon Mortgage Services Inc. is a Texas corporation, with its

27  principal place of business in Fort Worth, Texas.

28

2

COMPLAINT

8.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore, sue such Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants are legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class. Each reference in this complaint to "Defendants," "Defendant," or a specifically named defendant refers also to all Defendants sued under fictitious names.

9.     Plaintiff is informed, believes, and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their Co-Defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

10.     As an alternative theory, Plaintiff is informed and believes, and on that basis alleges, that Defendants are alter egos of each other.  Plaintiff is informed, believes, and on that basis alleges, that there is common control over Defendants, and they operate pursuant to a common business plan. There is unity of interest among Defendants.

11.     The alternative alter-ego relationship among the Defendants should be recognized to prevent an injustice.  If the alter-ego relationship among Defendants is not recognized, an inequity will result because an entity responsible for wrongdoing will be shielded from liability.  Moreover, the Co-Defendant entities which make, in whole or in part, the decisions would escape liability, which is inequitable.  Furthermore, the alter ego

3

COMPLAINT

1   relationship should be recognized to ensure effective injunctive and declaratory relief, so

2   that the wrongful practices alleged herein are not relocated to an affiliated company.

3        12.    All allegations in this complaint are based on information and belief and/or

4   are likely to have evidentiary support after a reasonable opportunity for further

5   investigation or discovery.  Whenever allegations in this complaint are contrary or

6   inconsistent, such allegations shall be deemed alternative.

7   <center>**JURISDICTION AND VENUE**</center>

8        13.    This Court has jurisdiction over the entire action by virtue of the fact that

9   this is a civil action wherein the matter in controversy, exclusive of interest and costs,

10   exceeds the jurisdictional minimum of the Court.  The events giving rise to the cause of

11   actions alleged herein occurred in the State of California, as the acts and omissions

12   complained of in this action took place, in whole or in part, in the State of California.

13   Venue is proper in this Judicial District because Defendants transact business within the

14   County of Sacramento and this Judicial District and record telephone calls with persons

15   located within this Judicial District.

16   <center>**FACTUAL ALLEGATIONS**</center>

17        14.    From approximately 2009 through April 2011, Plaintiff received

18   approximately 30 to 40 telephone calls from Defendants.  The calls placed by Defendants

19   concerned Plaintiff's home loan with Defendants.  These calls were made both to Plaintiff's

20   cellular phone and to her cordless landline telephone at home.

21        15.    Plaintiff is informed and believes, and thereon alleges, that Defendants tape

22   recorded the calls they made to Plaintiff.

23        16.    Defendants did not request Plaintiff's consent to record the telephone calls,

24   nor did Defendants inform Plaintiff that the telephone calls would be recorded.

25        17.    At the time of the subject telephone calls, Plaintiff was not aware that

26   Defendants were recording the telephone calls, nor did Plaintiff consent to the recording of

27   the calls.

<center>4</center>
<center>COMPLAINT</center>

18.     Plaintiff is informed and believes, and thereon alleges, that Defendants routinely record outbound calls with their customers and potential customers in California. In so doing, Defendants do not disclose that such calls are being recorded or otherwise obtain permission to record the calls from their customers and potential customers located in California.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action on her own behalf and on behalf of all persons similarly situated pursuant to Code of Civil Procedure § 382.  Plaintiff seeks to represent the following class:

> *All persons who received telephone calls from Defendants*
>
> *while located in California.*

20.     Excluded from the class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

21.     Typicality: Plaintiff's claims are typical of the claims of the Class.  Plaintiff is a member of the Class she seeks to represent.  Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since every class member's telephone call initiated by Defendants was recorded without each Class members' consent. Members of the class are ascertainable from Plaintiff's description of the class and/or Defendants' records and/or records of third parties accessible through discovery.

22.     Adequacy of Representation:  Plaintiff will fairly and adequately represent and protect the interests of the Class and has no interest which is antagonistic to the claims of the class.  The Plaintiff's interest in this action is antagonistic to the interests of

5

COMPLAINT

Defendants, and she will vigorously pursue the claims of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Plaintiff has retained law firms that are recognized, successful, and effective class action firms. The firms have also been certified as lead class counsel in similar class actions. Neither Plaintiff nor her counsel has any interests adverse to those of the Class.

23.     Common questions of law and fact impact the rights of each member of the class and a common remedy by way of permissible damages and/or injunctive relief is sought for the class.

24.     Common Questions of Law and Fact Predominate: There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

   a.   Whether Defendants' recording of telephone calls violates Section 632;

   b.   Whether Defendants' recording of telephone calls violates Section 632.7;

   c.   Whether Defendants are liable for statutory damages under Section 637.2

25.     Superiority of a Class Action: Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members'

claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. There is no plain, speedy or adequate remedy other than by maintenance of this class action because damage to each member of the class is relatively small, making it economically unfeasible to pursue remedies other than by way of a class action. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

26.   Numerosity: The proposed class is so numerous that individual joinder of all its members is impracticable. As the factual allegations demonstrate, thousands of persons are members of the class. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

27.   Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

28.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation, which would preclude its maintenance of a class action. The identities of the class are known by Defendants and can be determined from Defendants' records.

29.   Defendants have acted on grounds generally applicable to the entire class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to

COMPLAINT

1   individual members of the class that would establish incompatible standards of conduct for

2   the Defendants.

3       30.   Without a class action, Defendants will not compensate class members for

4   its invasion of their privacy and will continue a course of action which will result in further

5   harm to Plaintiff and the class.

6   **FIRST CAUSE OF ACTION**

7   **VIOLATION OF PENAL CODE SECTION 632**

8   **(By Plaintiff and the Class Against Defendants and Does 1 through 10)**

9       31.   Plaintiff re-alleges and incorporates by reference the allegations contained in

10   the preceding paragraphs of this complaint, as though fully set forth herein.

11       32.   California Penal Code Section 632 prohibits the intentional recording of a

12   confidential communication without the consent of all parties to the communication.

13   Defendants have violated Section 632 in its telephone communications with Plaintiff and

14   the Class. Defendants, as a standard business practice, have intentionally recorded

15   confidential communications with Plaintiff and other Class members alike while they were

16   located in California, without obtaining their consent.

17       33.   These telephone communications have all been confidential in nature within

18   the meaning of Section 632 because Plaintiff and the Class had an objectively reasonable

19   expectation that their conversations were not being overheard or recorded.   The existence

20   of a reasonable expectation of privacy is supported by the fact that Defendants did not

21   inform their customers and/or potential customers who were located in California that their

22   calls were being recorded, nor did they seek to obtain their consent to record. Moreover, the

23   reasonable expectation of Plaintiff and the Class is further supported by the fact that the

24   Defendants' calls pertained to their personal and financial information.

25       34.   Defendants intentionally recorded the telephone conversations of Plaintiff

26   and the Class in violation of Penal Code Section 632.

27

28

COMPLAINT

35.   California Penal Code Section 637.2 permits a civil action for violation of Section 632, authorizing an award of $5000 for each violation as well as injunctive relief. Plaintiff and the Class are entitled to these remedies, and to attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5.

36.   As a direct result of Defendants' conduct, Plaintiff and the Class have sustained and will continue to sustain injury and are entitled to statutory damages and injunctive relief to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF PENAL CODE SECTION 632.7

**(By Plaintiff and the Class Against Defendants and Does 1 through 10)**

37.   Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

38.   California Penal Code Section 632.7 prohibits the intentional recording of any communication without the consent of all parties where one of the parties to the communication is using a cellular or cordless telephone.  Defendants have violated Section 632.7 in its telephone communications with Plaintiff and the Class.  Defendants, as a standard business practice, have intentionally recorded communications with Plaintiff and the Class, while located in California and using cellular or cordless telephones, without obtaining their consent.

39.   Defendants intentionally recorded the cellular and cordless telephone conversations of Plaintiff and the Class in violation of Penal Code Section 632.7.

40.   California Penal Code Section 637.2 permits a civil action for violation of Section 632.7, authorizing an award of $5000 for each violation as well as injunctive relief. Plaintiff and the Class are entitled to these remedies, and to attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5.

41.   As a direct result of Defendants' conduct, Plaintiff and the Class have sustained and will continue to sustain injury and are entitled to statutory damages and injunctive relief to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for judgment against Defendants as follows:

1.   Certification of the Class and notice thereto to be paid by Defendants;

2.   Appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

3.   Award statutory damages to the extent permitted by law to Plaintiff and each Class member in the sum of $5,000 for each incident in which a telephone conversation of Plaintiff and each Class member was eavesdropped, recorded or published, pursuant to Cal. Penal Code § 637;

4.   For appropriate injunctive relief;

5.   For reasonable attorneys' fees and costs;

6.   For costs of suit herein; and

7.   As to all causes of action, any and all such other and further relief that this Court may deem just and proper.

DATED: June 29, 2011               KABATECK BROWN KELLNER LLP


                                   By:_____
                                   Richard L. Kellner
                                   Joshua H. Haffner
                                   Lina B. Melidonian

                                   THE WENTZ LAW FIRM
                                   Richard B. Wentz
                                   Jean M. Wentz

COMPLAINT

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman
Douglas J. McNamara
Stefanie M. Ramirez

Attorneys for Plaintiff on behalf of herself
and all others similarly situated

11

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury of all claims and causes of action in this

3   lawsuit.

4   DATED:  June 29, 2011          KABATECK BROWN KELLNER LLP

5

6                                  By: _____
7                                  Richard L. Kellner
                                   Joshua H. Haffner
8                                  Lina B. Melidonian

9                                  THE WENTZ LAW FIRM
                                   Richard B. Wentz
10                                 Jean M. Wentz

11                                 COHEN MILSTEIN SELLERS & TOLL PLLC
                                   Andrew N. Friedman
12                                 Douglas J. McNamara
                                   Stefanie M. Ramirez
13
                                   Attorneys for Plaintiff on behalf of herself
14                                 and all others similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard L. Kellner, SBN 171416<br>KABATECK BROWN KELLNER LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO: 213 217-5000    FAX NO. *(Optional):* 213 217-5010<br>E-MAIL ADDRESS *(Optional):* rlk@kbklawyers.com<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
  STREET ADDRESS 720 9th Street
  MAILING ADDRESS
  CITY AND ZIP CODE Sacramento, CA 95814
  BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

PLAINTIFF/PETITIONER: Zephyr, et al.

DEFENDANT/RESPONDENT: Saxon Mortgage Services Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>34-2011-00107273 |
|---|---|

TO *(insert name of party being served):* Saxon Mortgage Services Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: July 25, 2011

Irma DeLeon
_____              ▶   _____
      (TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
      Civil Case Cover Sheet


*(To be completed by recipient):*

Date this form is signed:

_____              ▶   _____
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
       ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Richard L. Kellner, SBN 171416<br>KABATECK BROWN KELLNER LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017 | FOR COURT USE ONLY<br>**FILED**<br>Superior Court Of California,<br>Sacramento |
|---|---|

TELEPHONE NO.: 213 217-5000   FAX NO.: 213 217-5010

ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

**FILED**

Superior Court Of California, Sacramento

07/05/2011

bsingh

By _____ , Deputy

Case Number:

**34-2011-00107273**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento

STREET ADDRESS: 720 9th Street

MAILING ADDRESS:

CITY AND ZIP CODE: Sacramento, CA 95814

BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Zephyr vs. Saxon Mortgage Services Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☑ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action (specify): 2
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: June 30, 2011

Richard L. Kellner
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

## PROOF OF SERVICE

I am over eighteen years of age, not a party in this action, and employed in Los Angeles County, California at 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106. I am readily familiar with the practice of this office for collection and processing of correspondence for mail/fax/hand delivery/next business day delivery, and they are deposited that same day in the ordinary course of business.

On August 23, 2011, I served the attached:

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a) (DIVERSITY)

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Los Angeles, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☐ (PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth below.

☐ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

(see attached service list)

A/74481326.1/0010276-0000355765

7

1        I declare that I am employed in the office of a member of the bar of

2    this court at whose direction the service was made and that this declaration is

3    executed on August 23, 2011, at Los Angeles, California.

                                                Diana DeOrio

A/74481326.1/0010276-0000355765

8

SERVICE LIST

BRIAN S. KABATECK
RICHARD L. KELLNER
JOSHUA H. HAFFNER
LINA B. MELIDONIAN
KABATECK BROWN KELLNER
644 So. Figueroa St.
Los Angeles, CA  90017
Telephone:  213.217.5000
Facsimile:  213.217.5010

RICHARD B. WENTZ
JEAN M. WENTZ
THE WENTZ LAW FIRM
2955 East Hillcrest Drive, Suite 123
Thousand Oaks, CA  91362
Telephone:  805.374.0060
Facsimile:  888.855.8124

ANDREW N. FRIEDMAN
DOUGLAS J. MCNAMARA
STEFANIE M. RAMIREZ
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW
Suite 500
Washington, DC  20005
Telephone:  202.408.4600
Facsimile:  202.408.4699

Attorneys for Plaintiff

NOTICE OF REMOVAL