BINGHAM MCCUTCHEN LLP
Bruce A. Friedman (SBN 65852)
bruce.friedman@bingham.com
Sara Jasper Epstein (SBN 240577)
sara.epstein@bingham.com
The Water Garden
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA  90404-4060
Telephone:  310.907.1000
Facsimile:  310.907.2000

Attorneys for Defendant
SAXON MORTGAGE SERVICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JO ANN ZEPHYR, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br>    v.<br><br>SAXON MORTGAGE SERVICES, INC., a Texas Corporation and DOES 1 through 10 inclusive,<br><br>          Defendants. | Case No. 2:11-CV-02224-MCE-CKD<br><br>[Assigned to Hon. Morrison C. England, Jr. and Magistrate Judge Hon. Carolyn K. Delaney]<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed:  7/05/11<br>FAC Filed:          9/20/11<br><br>Trial Date:          None Set |

1    This stipulation (the "Agreement" or "Protective Order") is made between
2    plaintiff Jo Ann Zephyr ("Plaintiff") on the one hand, and defendant Saxon Mortgage Services,
3    Inc. on the other hand ("Defendant"), through their respective attorneys of record, pursuant to
4    Rule 26(c) of the Federal Rules of Civil Procedure and Eastern District of California Civil Local
5    Rules 141.1 and 143, with reference to the following facts:
6        A.   Plaintiff has filed this action (the "Eastern District action") against
7    defendant, among other Doe defendants.
8        B.   Defendant may be producing documents or providing information or
9    testimony in or in connection with the Eastern District action that contain business, competitive,
10   confidential, proprietary, trade secret or other information of a sensitive nature (collectively,
11   "Confidential Information").
12       C.   Defendant wishes to protect the documents, information and testimony
13   that constitute or contain Confidential Information.  The parties intend to move forward in good
14   faith and are willing to cooperate with each other in connection with this agreement.
15       Therefore, the parties agree as follows:
16       1.   Documents claimed by the producing party to be or to contain
17   Confidential Information shall, prior to production, be marked by the producing party as
18   "Confidential."  Placement of the "Confidential" designation on each protected page or on the
19   initial page of a document when it is produced shall constitute notice to all other persons that the
20   document contains Confidential Information.  Copies, extracts, summaries, notes, and other
21   derivatives of Confidential Information shall also be deemed Confidential Information and shall
22   be subject to the provisions of this Agreement.
23       2.   Any party may designate any documents, electronically stored information
24   or other information produced by such party in connection with discovery in this litigation
25   (collectively, "Discovery Material") as Confidential Information if, in good faith, the party
26   producing the Discovery Material (the "Producing Party") believes:
27           a.   the material contains non-public, proprietary or commercially
28           sensitive information;

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

b. the material requires the protections provided in this Protective Order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or prejudice to any person or entity;

c. the material contains personally identifying information of any individual, including but not limited to social security numbers and financial account numbers;

d. any "Nonparty Borrower Information," which for purposes of this Protective Order shall mean any document that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, *et seq.*, and its implementing regulations, including but not limited to any portion of a mortgage loan file or servicing record or other document which includes financial information for any person (including any credit history, report or score obtained on such a person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including name, address, social security number, loan number, telephone number, place or position of work;

e. documents or data which may constitute "consumer reports" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*;

f. extracts and summaries of information described in subparagraph (d) that disclose any financial or credit information for any person together with personally identifiable information with respect to such person, which extracts and summaries shall also be considered Nonparty Borrower Information; or

g. any other category of information hereinafter given confidential status by the Court.

2

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

3.      Depositions or portions of depositions may be designated as Confidential Information either by an examining party's attorney or by an attorney defending or otherwise attending the deposition.  A person claiming that a deposition or any portion of a deposition is or contains Confidential Information shall give notice of such claim to the parties to the Eastern District action either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential Information.

4.      Confidential Information may be disclosed only as follows:

    a.   To counsel of record for a party in the Eastern District action, and secretaries, paralegals and other staff employed in the offices of such counsel to whom it is necessary that the Confidential Information be disclosed for purposes of the Eastern District action.

    b.   To the parties after they have been given a copy of this Agreement and Order and who have signed an undertaking in the form of Exhibit A hereto.

    c.   To the Court and Court personnel in the Eastern District action.

    d.   To court reporters and videographers engaged for depositions.

    e.   To any person who is retained by a party as a consultant or as a testifying expert in connection with the Eastern District action, provided that Confidential Information shall only be disclosed to any such person (1) to the extent necessary for that person to perform his or her work in connection with the Eastern District action.

    f.   To witnesses at deposition, provided that the witness signs an undertaking in the form of Exhibit A prior to being shown Confidential Information.  The materials may be disclosed to a deponent or trial witness without having to request execution of

3

Exhibit A, if it appears that they authored or previously had access and/or exposure to the document.

g. To third party contractors and their employees involved in the organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling in connection with the Eastern District action provided that Confidential Information shall only be disclosed to any such person (1) to the extent necessary for that person to perform his or her work in connection with the Eastern District action and where such person has signed an undertaking in the form of Exhibit A hereto or (2) where such person's service contract with a party already contains a confidentiality agreement.

h. To any mediator before whom the parties mediate the claims asserted in the Eastern District action.

5. Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may only be used in this litigation and shall not be used for any other purpose. In addition to the protection provided to materials deemed Confidential pursuant to this Protective Order, the Parties understand and recognize that there are various obligations relating to the disclosure and use of Nonparty Borrower Information arising from various federal and state laws, including without limitation, the Gramm Leach Bliley Act, 15 U.S.C.§ 6802, *et seq*. and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., and shall abide by all such federal and state laws applicable to them.

6. To the extent any federal or state law governing the disclosure and use of Nonparty Borrower Information permits such disclosure only as required by an order of a court, the producing Party's production of Nonparty Borrower Information in accordance with this

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Protective Order shall satisfy and constitute compliance with such requirement. To the extent any such laws require a producing party to give notice to the subject of any Nonparty Borrower Information prior to disclosure, the Court finds that there is good cause to excuse such requirement. Any Producing Party may take such additional actions, or seek additional orders from this Court, which such Party believes may be necessary to comply with any federal or state laws governing the disclosure of Nonparty Borrower Information.

7. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed or disclosed, any person not entitled under this Agreement to receive the Confidential Information.

8. Nothing in this Agreement shall prevent the producing party from disclosing its own Confidential Information to any person as it or he deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights under this Agreement.

9. Inadvertent failure to designate documents, information or testimony as Confidential Information shall not waive a party's right to so designate such documents, information or testimony at a later time.

10. If any party objects to a designation of Confidential Information, that party and the party producing or providing that information shall meet and confer reasonably and in good faith in an effort to informally resolve their dispute. If the parties are unable to reach a resolution, the producing party must file a motion with the Court to continue the designation of the Confidential Information in question. Such motion shall be made within 30 days after service on the producing party of written notification from the objecting party that the dispute cannot be resolved. On any such motion, the party producing or providing that information has the burden of proving that the designation is warranted. The Confidential Information in question shall maintain its protection pursuant to this Agreement throughout the procedure described in this paragraph until the Court rules on such motion.

11. If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit

1  the disclosure and must obtain an order of the Court before disclosing the Confidential
2  Information.
3        12.    The procedures set forth in Eastern District of California Civil Local Rules
4  140 and 141 shall govern Confidential Information filed with the Court.
5        13.    Counsel for each party shall take all reasonable precautions to prevent
6  unauthorized or inadvertent disclosure of any Confidential Information.
7        14.    If Confidential Information is subpoenaed by any person other than those
8  to whom such Confidential Information may be disclosed pursuant to paragraph 4 of this
9  Agreement, the person to whom the subpoena is directed shall immediately give written notice
10 thereof to the producing party's counsel of record (including a copy of the subpoena), to allow
11 the producing party sufficient time to object to the disclosure of the Confidential Information.
12 No such Confidential Information shall be disclosed if the producing party has filed and served a
13 motion to quash the subpoena, a motion for a protective order, or a motion otherwise seeking to
14 enforce this Agreement and Order or to prevent disclosure of the Confidential Information, and
15 the motion is granted.  No such Confidential Information shall be disclosed during the pendency
16 of such a motion.
17       15.    Nothing in this Agreement shall constitute a waiver of any objection to the
18 discoverability or admissibility of any Confidential Information or preclude the parties from
19 seeking any available protection with respect to any Confidential Information.
20       16.    This Agreement shall apply to the production of all Confidential
21 Information, whether or not such information is informally produced or produced in response to
22 a formal discovery request or a Court order in the Eastern District action as it will be so deemed
23 on the face of the documents or as set forth in writing by the parties at the time of the disclosure.
24       17.    Within thirty (30) days of the final termination of the Eastern District
25 action by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, the
26 parties to whom Confidential Information was disclosed (a) shall either destroy the documents
27 containing such information or return them to the producing party at the producing party's
28 option.

18. This Agreement shall continue to bind the parties and their counsel after termination of this action. The Court retains jurisdiction over the parties and their counsel for enforcement of the provisions of this Agreement following the determination of this action.

19. This Agreement shall become effective only upon its approval by the Court.

20. This Agreement may be amended only by written agreement of the parties approved by the Court.

DATED: June 20, 2012        Kabateck Brown Kellner, LLP


By:  */s/ Brian S. Kabateck*
Brian S. Kabateck
Richard L. Kellner
Lina B. Melidonian
Attorneys for Plaintiff
JO ANN ZEPHYR

DATED: June 19, 2012        The Wentz Law Firm


By:  /s/ *Richard B. Wentz*
Richard B. Wentz
Jean M. Wentz
Attorneys for Plaintiff
JO ANN ZEPHYR

DATED: June 20, 2012        Cohen Milstein Sellers & Toll PLLC


By:  */s/ Andrew N. Friedman*
Andrew N. Friedman
Douglas J. McNamara
Stefanie M. Ramirez
Attorneys for Plaintiff
JO ANN ZEPHYR

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1   DATED:  June 20, 2012                    Bingham McCutchen LLP

2

3                                            By:        */s/ Sara Jasper Epstein*
                                                        Bruce A. Friedman
4                                                       Sara Jasper Epstein
                                                      Attorneys for Defendant
5                                                SAXON MORTGAGE SERVICES, INC.

6

7           **IT IS SO ORDERED.**

8   Dated: June 20, 2012

9                                            _____
10                                           CAROLYN K. DELANEY
                                             UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

| | |
|---|---|
| JO ANN ZEPHYR, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>SAXON MORTGAGE SERVICES, INC., a Texas Corporation and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No. 2:11-CV-02224-MCE-CKD |

# EXHIBIT A

## UNDERTAKING CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____[PARTY NAME]_____ as a person who may have access to Confidential Information as that term is defined in the Stipulation and Protective Order (the "Order") entered in the above-entitled case.

I certify that I have read and am fully familiar with the terms of the Order. I agree to be bound by it and to comply fully with it. I agree that I will use the Confidential Information only for purposes of the Eastern District action and will not use the Confidential Information for any other purpose. I also agree that to the best of my ability, I will not permit the unauthorized viewing or disclosure of Confidential Information as set forth in the Order. I consent to the jurisdiction of the United States District Court for the Eastern District of California for any action to enforce this undertaking.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Agreement was executed in _____ on _____, 2012.

_____
Name

_____
Address

_____
Employer

_____
Job Title

STIPULATION AND [PROPOSED] PROTECTIVE ORDER